NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAROOG RAZA,<br><br>    Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 18-71420<br><br>Agency No. A209-939-913<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2019**

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Faroog Raza, a native and citizen of Pakistan, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and denying his request for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review the agency's factual findings for substantial evidence, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review for abuse of discretion the agency's denial of a continuance and motion to remand. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (motion to continue); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008) (motion to remand). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination. There were multiple inconsistencies between Raza's testimony, his credible fear interview, asylum declaration, and documentary evidence as to the attacks he suffered in Pakistan, the identity of his attackers, whether he reported the attacks to the police, his employment history, and his family's location. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Raza also offered vague testimony on material and

significant events. *Id.* Raza's explanations do not "compel[] the opposite result," *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we lack jurisdiction to consider the explanations Raza did not raise to the agency, *see Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Thus, we uphold the IJ's determination that Raza's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Raza's CAT claim was properly denied because it is based on the same testimony the agency found not credible, and Raza does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of government if returned to Pakistan. *See id.* at 1156–57.

The IJ did not abuse her discretion in denying Raza's request for a continuance where Raza failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

The BIA did not abuse its discretion in denying Raza's motion to remand where Raza failed to carry his "'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (citation omitted). We reject Raza's

18-71420

contentions that the BIA summarily dismissed the new evidence he submitted.

We reject Raza's contention that the agency violated his due process rights. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

We lack jurisdiction to consider Raza's contentions regarding his custody status in the context of an appeal of removal proceedings. *See* 8 C.F.R. § 1003.19(d); *Barron*, 358 F.3d at 677–78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**